Opinion filed August 23,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00364-CR

                                                    __________

 

                                        PAUL
TORRES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee

 



                                  On Appeal from the
106th District Court

                                                            Gaines
County, Texas

                                                    Trial
Court Cause No. 10-4100

 



                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Paul Torres of aggravated assault and assessed his punishment at
confinement for life in the Institutional Division of the Texas Department of Criminal
Justice.  The jury also made an affirmative deadly weapon finding.  Appellant
challenges the sufficiency of the evidence supporting his conviction in a
single issue.  We affirm.

Background
Facts

            Appellant was convicted of assaulting Javanna Tarwater
with a baseball bat to the extent that it caused her serious bodily injury. 
Tarwater testified that she owned a trucking company and that appellant began
driving for her in October 2009.  They started dating each other in December
2009.  The assault occurred on March 1, 2010.  Tarwater testified that she
traveled with appellant from her home in Seminole to his home in Seagraves
sometime after 8:15 p.m. on March 1.  They initially sat down at his home and
watched a movie in the living area of the home.  An argument between the two
subsequently occurred.  Tarwater testified that appellant got “hateful” during
the argument and that, at one point, he stood up and said, “I’ll show you.” 
She testified that appellant retrieved a baseball bat and began striking her
with it.  Tarwater stated that appellant initially struck her left knee with
the bat and that he continued to hit her all over her body with the bat as well
as stomping on her.

Tarwater testified that she was not able to walk or crawl after the
attack.  Appellant initially carried her to a bathroom where he cleaned her
up.  He then carried her to a bed where she lay several hours prior to being
transported to the hospital on March 2, 2010.  Tarwater testified that
appellant had her make up a story about being out with a friend in Hobbs, New
Mexico, when the assault occurred.  She further testified that appellant made
her tell this story to his nephew, Armando Torres, over the phone to see if it
was believable.

Appellant
subsequently picked up his sister, Diana Houston, on March 2 and brought her to
his home.  Houston attempted to dress Tarwater, but she was unable to do so. 
Houston then told appellant to get an ambulance for Tarwater.  The ambulance
personnel transported Tarwater from appellant’s house in Seagraves to the
hospital in Seminole.  Tarwater was subsequently transferred to a Lubbock
hospital because of the severity of her injuries, which included both of her
legs being fractured.  She remained hospitalized in Lubbock for several days.

                        Tarwater initially told the ambulance
personnel that she was assaulted while walking from the Yucca Bar in Hobbs.  At
trial, she denied being in Hobbs on the date of the assault. She testified that
she initially told the Hobbs story because of her fear of appellant with regard
to the safety of her children and grandchildren and because of her concern that
her son would retaliate.  Sergeant Jeff James of the Seminole Police Department
testified that, after her children left her exam room at the hospital in
Seminole, Tarwater informed him that appellant assaulted her.  Tarwater also
testified that she informed ambulance personnel of appellant’s involvement
during the ambulance ride from Seagraves to Seminole.

                        Deputy Shane Scott of the Gaines
County Sheriff’s Department initially responded to appellant’s home when he was
advised that ambulance personnel had been dispatched there to treat an assault
victim.  He did not pursue an investigation of the incident at that time
because he believed the assault had occurred in Hobbs.  In that regard,
appellant told him that Tarwater had been brought to his house the night
before.  Deputy Scott also testified that an inspection of Tarwater’s purse
with her daughter present revealed that nothing was missing from it, including
cash and bank cards.

                        Sergeant James contacted Deputy Scott
after Tarwater reported appellant’s involvement in the assault.  Deputy Scott
contacted appellant at that time.  Appellant voluntarily accompanied Deputy
Scott to his office and gave a statement.  He also consented to a search of his
home.  A baseball bat was not found during the search.

            Appellant
testified on his own behalf during the guilt/innocence phase.  He testified
that he and Tarwater spent the night together at his house in Seagraves on
February 28, 2010.  He stated that they woke up at 5:00 a.m. on March 1 and
that he drove Tarwater to her house in Seminole at 6:00 a.m.  Appellant
testified that he did not see Tarwater again until 1:00 a.m. on March 2 when he
observed headlights from a pickup in front of his house.  After the pickup
drove away, he testified that he saw a shadow leaning by his car.  Appellant
stated that he then discovered that the pickup had dropped off Tarwater at his
house.  He alleged that Tarwater told him that she had been “jumped” in Hobbs. 
Appellant stated that he helped Tarwater walk inside his house, at which time
he helped clean her up and put her to bed.  Appellant testified that he did not
call the police or get medical help for Tarwater because she did not want him
to do so.

Standard
of Review

In a single issue, appellant challenges the legal sufficiency of the evidence
supporting his conviction.  To determine if the evidence is legally sufficient,
we must review all of the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.   Jackson v. Virginia,
443 U.S. 307, 319 (1979); Brooks v. State, 323 S.W.3d 893, 899 (Tex. Crim.
App. 2010); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  In conducting a legal
sufficiency review, we are required to defer to the jury’s role as the sole
judge of witness credibility and the weight their testimony is to be afforded. Brooks,
323 S.W.3d at 899.  This standard accounts for the factfinder’s duty to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson v. Virginia, 443
U.S. at 319; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).
 When the record supports conflicting inferences, we presume that the
factfinder resolved the conflicts in favor of the prosecution and, therefore,
defer to that determination.  Jackson v. Virginia, 443 U.S. at 326; Clayton,
235 S.W.3d at 778.  Each fact need not point directly and independently to the
guilt of the defendant, as long as the cumulative force of all the
incriminating circumstances is sufficient to support the conviction.  Hooper,
214 S.W.3d at 13.

Analysis

Appellant
premises his challenge to the sufficiency of the evidence on a variety of
factors, including inconsistencies in Tarwater’s version of the events, the
lack of physical evidence, and his cooperation with authorities in the
investigation.  There is no dispute that Tarwater initially reported being
assaulted in Hobbs.  However, she repudiated the initial report at trial.  She
also offered reasons why she initially reported that appellant was not involved
in the assault.  Accordingly, the jury had before it an explanation for the
inconsistencies in Tarwater’s account if it cared to believe it.  We also note
that the jury also had before it the rigorous cross-examination of Tarwater by
defense counsel.

            Our
review of the evidence in this case focuses almost exclusively on the
credibility of the witnesses.  Appellate courts afford almost complete
deference to a jury’s decision when that decision is based upon an evaluation
of credibility.  Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).
 The jury is in the best position to judge the credibility of a witness because
it is present to hear the testimony, as opposed to an appellate court who
relies on the cold record.  Id.  It was within the jury’s province to
accept Tarwater’s trial testimony as the credible account of what transpired
between her and appellant.  Furthermore, it was well within the jury’s right to
reject Tarwater’s initial report and appellant’s self-serving version of the
events.  In support of the jury’s credibility determination, we note that
appellant’s version suffered from its own inconsistencies, including his
testimony that Tarwater was able to walk inside his home with two broken legs
and that he did not seek medical help for Tarwater’s very serious injuries for
several hours because she did not want him to do so.  Reviewing all of the
evidence in the light most favorable to the verdict, we conclude that any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Appellant’s sole issue is overruled.




 

This
Court’s Ruling

            The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 23, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.